UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PAULO HENRIQUE DOS SANTOS,

     Plaintiff,

vs.

AIDS HEALTHCARE FOUNDATION, INC.,

     Defendants.

_____/

## DEFENDANT AIDS HEALTHCARE FOUNDATION, INC.'S
## NOTICE OF REMOVAL

Defendants AIDS HEALTHCARE FOUNDATION, INC. ("AHF" or "Defendant"), through

its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1446, respectfully request that

this Court remove the instant action styled, *Paulo Henrique Dos Santos v. AIDS Healthcare*

*Foundation, Inc.,* Case No.: CACE-19-016029 (08), from the Circuit Court of the Seventeenth

Judicial Circuit in and for Broward Dade County, Florida (the "State Court Action"), to the United

States District Court for the Southern District of Florida, and as grounds therefore state as follows:

## GROUNDS FOR REMOVAL

### State Court Action

1.     This is a civil action alleging claims for sexual harassment and retaliation under Title

VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") and

the Florida Civil Rights Act of 1992 ("FCRA"), and for alleged violations of Florida's Private

Whistleblower Act., ¶¶448.101-448.105, Florida Statutes ("FWPA"), that is presently pending in the

Circuit Court in and for Broward County, Florida and styled *Paulo Henrique Dos Santos v. AIDS*

*Healthcare Foundation, Inc.,* Case No.: CACE-19-016029 (08). Broward County is within the

Southern District of Florida.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon AHF to date are attached as Exhibit A.

2.      The instant action was filed by Plaintiff, PAULO HENRIQUE DOS SANTOS ("Plaintiff"), on July 31, 2019.  *See* Exhibit A, Compl.  The Summons and Complaint were subsequently served upon the Defendants on August 20, 2019.  *See Id*.

3.      The Complaint alleges five counts:  (1) sexual harassment under the FCRA; (2) retaliation under the FCRA; (3) gender discrimination under Title VII; (4) retaliation under Title VII; and (5) retaliation under the FPWBA.  *See* Exhibit A, Compl.

4.      Defendant files with this Notice of Removal true and correct copies of all pleadings filed in the above-captioned State Court Action.  *See* Exhibit A.

**Federal Question Jurisdiction**

5.      This Honorable Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, in that the issues in this case arise under the Constitution, laws, or treaties of the United States.  Specifically, two counts of Plaintiff's lawsuit are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.      Because Plaintiff is asserting claims under a federal statute which provides for a private right of action grounded in federal law, this action is subject to removal pursuant to 28 U.S.C. § 1331, based on federal question jurisdiction.  29 U.S.C. § 216(b), 28 U.S.C. § 1331.

**Supplemental Jurisdiction**

7.      This Honorable Court has original jurisdiction over the Title VII claims in Counts I and II.

8.    This Honorable Court further has supplemental jurisdiction over the retaliation and discrimination claims in Counts III –V because they form part of the same case or controversy with the claims of original jurisdiction. *See* 28 U.S.C. § 1367(a).

9.    A same case or controversy exists when the state law claims arise out of a "common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). This occurs when the federal and state claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.* 90 F.3d 451, 455 (11th Cir. 1996); *see also Palmer v. Hosp. Auth. Of Randolph Cty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994) (holding state law claims of statutory wrongful death, statutory medical malpractice, Georgia Hospital Care for Pregnant Women Act, and Georgia common law claims involving "the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts" as the federal COBRA claim gives rise to supplemental jurisdiction).

10.    Both the state and federal claims arise from similar occurrences which took place during Plaintiff's employment with Defendants. Similar witnesses, i.e. the Plaintiff's co-workers and managers, will be necessary for both Plaintiff's and Defendants' cases to testify as to Plaintiff's work schedule, the nature of Plaintiff's work, the scheduling of Plaintiff's co-workers, and in general how Plaintiff was treated in the workplace.

11.    The common nucleus of facts relating to the federal and state claims as alleged by Plaintiff are as follows:[1] Plaintiff was subject to sexually harassing conduct by the then office manager, Luis Viera. Exhibit A, Compl. ¶ 11, After Mr. Viera's resignation, the position of office manager was given to Mr. Patrick Saint Fleur. Exhibit A, Compl. ¶13. In or about October 2017,

---

[1] Defendant does not admit or otherwise acknowledge the accuracy of Plaintiff's allegations simply by restating them here.

Mr. Saint Fleur subjected Plaintiff to sexual harassment. Exhibit A, Compl. ¶ 14. Mr. Saint Fleur, on several occasions, made sexual advances, closed the office door and attempted to touch or grab Plaintiff in a sexually inappropriate manner. Exhibit A, Compl. ¶ 15. Plaintiff rejected Mr. Saint Fleur's advances and made it clear to him that he did not appreciate the inappropriate touching and grabbing. Exhibit A, Compl. ¶ 16. Mr. Saint Fleur stopped engaging in sexually harassing conduct, but the working relationship between Mr. Saint Fleur and Plaintiff thereafter became strained. Mr. Saint Fleur increasingly treated Plaintiff in a hostile and retaliatory manner based upon Plaintiff rejecting his sexual advances. Exhibit A, Compl. ¶¶ 16-17. In October 2018, Mr. Saint Fleur was promoted to Regional Operations Manager, a position to which Plaintiff reported. Exhibit A, Compl. ¶18. Mr. Saint-Fleur used his position to exact retribution on Plaintiff for previously resisting his sexual advances. Exhibit A, Compl. ¶19. For the first time in over three (3) years of working for Defendant, Plaintiff was presented with a disciplinary action final warning, where in Mr. Saint Fleur alleged attendance and performance issues. Exhibit A, Compl. ¶ 20. On or about October 23, 2018, Plaintiff complained to the Director of Human Resources, Mary Cadahia, about Mr. Saint Fluer's sexually harassing and retaliatory conduct. Exhibit A, Compl. ¶ 24. After returning from vacation, on December 6, 2018, Plaintiff emailed Michael Weinstein, the president of AHF, describing the sexual harassment and retaliation he had been experiencing in the workplace. Exhibit A, Compl. ¶ 30. On December 7, 2018, one (1) day after sending the email to the President of the company, Plaintiff was informed by Mr. Saint Fleur and Human Resources Manager Sanyann Munroe that he was being terminated based on his purported failure to achieve the billable unit goals. Exhibit A, Compl. ¶32. The stated reason for Plaintiffs' termination is false and pretextual. Exhibit A, Compl. ¶34. Defendant took no meaningful action to stop the harassment or otherwise

provide Plaintiff with protection and, instead, terminated his employment because he complained of sexual harassment and retaliation. Exhibit A, Compl. ¶35.

12.     The nucleus of facts running through both the state and federal claims pertain to the terms, conditions, and other events that occurred as part of Plaintiff's working environment during the relevant time period. The entire action will require similar facts, evidence, and witnesses, and thus this Court may exercise supplemental jurisdiction over the whole of the claims. Trying these matters as one by exercising supplemental jurisdiction prevents duplicative testimony, costs, and litigation expenses for both Plaintiff and Defendants.

13.     This Honorable Court may exercise supplemental jurisdiction over the FCHR and FWBA claims because they do not raise a novel or complex issue of Florida law, the claims do not substantially predominate over the Title VII claims, and there are no exceptional circumstances for declining jurisdiction. *See* 28 U.S.C. 1367(c).

**Timely Filed**

14.     Defendants received a copy of the Summons and Complaint on August 20, 2019. *See* Exhibits A-C.

15.     Defendants have filed the instant Notice of Removal within thirty (30) days of being served with Plaintiff's Complaint, which provided the basis for removal. *See* 28 U.S.C. § 1446(b).

16.     In accordance with 28 U.S.C. § 1446(d), Defendant will give prompt notice to all parties of record upon the filing of this Notice of Removal, and Defendant will also file a copy of the Notice of Removal with the clerk of the appropriate state court.

**Venue**

Defendants seeks to remove this action to the United States District Court for the Southern District of Florida. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district includes the place where the removed action has been pending and includes the place where Plaintiff

alleges all relevant actions took place. *See* Exhibit C.WHEREFORE, Defendants, AIDS Healthcare

Foundation, Inc., petitions this Court for removal of this action to the United States District Court for

the Southern District of Florida, and requests that such removal be hereby effectuated.

Dated this the 18th day of September, 2019.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2019, the foregoing was e-filed

with the Court's CM/ECF Service. We also certify that the foregoing document is being served this

day on all counsel of record on the attached service list via transmission of Notices of Electronic

filing generated by CM/ECF.

> **Lewis Brisbois Bisgaard & Smith LLP**
> *Counsel for Defendant,* AIDS Healthcare
> Foundation, Inc.
> 110 SE 6th Street, Suite 2600
> Fort Lauderdale, Florida 33301
> Telephone: 954-728-1280
> Facsimile: 954-728-1282

> BY: */s/ Jonathan A. Beckerman*
> JONATHAN A. BECKERMAN, ESQ.
> Florida Bar No.: 0568252

## SERVICE LIST

Dana M. Gallup, Esq.
GALLUP AUERBACH
4000 Hollywood Boulevard
Suite 265 South
Hollywood, Florida 33021
Tel: 954-894-3035
Email: dgallup@gallup-law.com

# EXHIBIT "A"

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>PAULO HENRIQUE DOS SANTOS</u>
Plaintiff
        vs.
<u>AIDS HEALTHCARE FOUNDATION, INC.</u>
Defendant

### II. TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☒ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
-    ☒    Monetary;
-    ☐    Non-monetary declaratory or injunctive relief;
-    ☒    Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>5</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
-    ☐    Yes
-    ☒    No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
-    ☒    No
-    ☐    Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
-    ☒    Yes
-    ☐    No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Dana M Gallup Esq</u>    FL Bar No.: <u>949329</u>
Attorney or party                        (Bar number, if attorney)

<u>Dana M Gallup Esq</u>    <u>07/31/2019</u>
(Type or print name)                    Date

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

PAULO HENRIQUE DOS SANTOS,        CASE NO.

     Plaintiff,

v.

AIDS HEALTHCARE FOUNDATION, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, PAULO HENRIQUE DOS SANTOS ("DOS SANTOS"), by and through his undersigned counsel, and sues Defendant, AIDS HEALTHCARE FOUNDATION, INC. ("AHF"), and alleges as follows:

### NATURE OF CLAIMS

1.    This is an action for damages that exceeds $15,000.00 for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA"), and for violation of Florida's Private Whistleblower Act, §§448.101-448.105, Florida Statutes ("FWPA").

### JURISDICTION AND VENUE

2.    Venue is proper in Broward County, Florida as the Defendant is a foreign not for profit corporation operating within Broward County, Florida, and the Defendant's unlawful conduct giving rise to the claims asserted herein was committed in Broward County, Florida.

### PARTIES AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS

3.    DOS SANTOS is a male *sui juris* and, at all times material to this action, was a resident of Broward County, Florida.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

4.      At all times material hereto, DOS SANTOS was an individual employed by AHF within the meaning of the FCRA, Title VII, and the FWPA.

5.      AHF was, at all times material hereto, DOS SANTOS' "employer" within the meaning of the FCRA, Title VII, and the FWPA.

6.      AHF acted through its agents, servants, representatives, and/or employees at all times material hereto.

7.      DOS SANTOS complied with conditions precedent to jurisdiction under the FCRA and Title VII because he filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on December 20, 2018 alleging sexual harassment and retaliation against the Defendant.

8.      DOS SANTOS filed this suit within ninety (90) days of receiving a Right to Sue Notice from the EEOC; 180 days have elapsed since the Charge was filed with both the EEOC and the FCHR has not issued a determination in that time period; and DOS SANTOS is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. True copies of DOS SANTOS' Charge and Right to Sue Notice are attached as **Exhibits 1 and 2**.

9.      DOS SANTOS has complied with all applicable administrative prerequisites pursuant to the FCRA and Title VII and has performed all necessary conditions precedent under Florida law to the maintenance of this action prior to filing this Complaint.

## GENERAL ALLEGATIONS

10.      DOS SANTOS first became employed by Defendant in May 2015 as a registered nurse with the title RN Ryan White Disease Case Manager.

11.      In 2017, DOS SANTOS was subjected to sexually harassing conduct by the then office manager, Luis Viera.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035• Web: gallup-law.com

12.     DOS SANTOS sent an email to the Human Resources Manager, Veronica Maggiori, complaining of the harassment. An investigation ensued, resulting in Mr. Viera being demoted. About two months later, Mr. Viera resigned.

13.     After Mr. Viera's resignation, the position of office manager was given to Mr. Patrick Saint Fleur.

14.     In or about October 2017, Mr. Saint Fleur subjected DOS SANTOS to sexual harassment.

15.     Mr. Saint Fleur, on several occasions, made sexual advances, closed the office door and attempted to touch or grab DOS SANTOS in a sexually inappropriate manner.

16.     DOS SANTOS rejected Mr. Saint Fleur's advances and made it clear to him that he did not appreciate the inappropriate touching and grabbing.

17.     Mr. Saint Fleur stopped engaging in sexually harassing conduct, but the working relationship between Mr. Saint Fleur and DOS SANTOS thereafter became strained. Mr. Saint Fleur increasingly treated DOS SANTOS in a hostile and retaliatory manner based upon DOS SANTOS rejecting his sexual advances.

18.     In October 2018, Mr. Saint Fleur was promoted to Regional Operations Manager, a position to which DOS SANTOS reported.

19.     Mr. Saint-Fleur used his position to exact retribution on DOS SANTOS for previously resisting his sexual advances.

20.     For the first time in over three (3) years of working for Defendant, DOS SANTOS was presented with a disciplinary action final warning, wherein Mr. Saint-Fleur alleged attendance and performance issues.

21.     The allegations contained in the disciplinary action were false and misleading.

22.     For example, the allegations were misleading because DOS SANTOS was disciplined for failing to achieve 200 billable units during the month of August, even though he had never been informed that he was expected to bill 200 units each month, and, with the exception of August, he had reached or exceeded 200 units in previous months.

23.     DOS SANTOS consistently billed more units than other case managers even though his opportunities to bill units were more limited.

24.     On or about October 23, 2018, DOS SANTOS complained to the Director of Human Resources, Mary Cadahia, about Mr. Saint Fleur's sexually harassing and retaliatory conduct.

25.     On October 24, 2018, Ms. Cadahia met with DOS SANTOS, but, rather than attempting to conduct a thorough and impartial investigation, Ms. Cadahia criticized DOS SANTOS for not having complained sooner about the sexual harassment. Ms. Cadahia did not allow DOS SANTOS to provide examples of the sexually harassing conduct or to provide information as to witnesses who could corroborate his allegations.

26.     Five (5) days later, on October 28, 2019, Ms. Cadahia informed DOS SANTOS that the "investigation" was complete, without saying what the results were of the investigation.

27.     In November 2018, Mr. Saint Fleur and the RN National Director for Care Management Services, Karen Haughey, met with DOS SANTOS and informed him that, notwithstanding the fact that he had actually achieved the 200 billable unit goal set forth in the disciplinary action for the month of October, the goal had now changed to 300 billable units.

28.     During the November 2018 meeting, Ms. Haughey was hostile, cutting DOS SANTOS off and falsely accusing him of being late every day and not working.

29.     During the first two (2) weeks of November 2018, DOS SANTOS billed approximately 150 units, such that he was on pace to reach 300 had he worked the entire month;

however, DOS SANTOS took a previously scheduled and approved vacation in the last two (2) weeks of November, traveling to Brazil to visit family following the recent death of his mother.

30.     After returning from vacation, on December 6, 2018, DOS SANTOS emailed Michael Weinstein, the President of AHF, describing the sexual harassment and retaliation he had been experiencing in the workplace.

31.     DOS SANTOS never received a response to his email.

32.     On December 7, 2018, one (1) day after sending the email to the President of the company, DOS SANTOS was informed by Mr. Saint Fleur and Human Resources Manager Sanyann Munroe that he was being terminated based on his purported failure to achieve the billable unit goals.

33.     DOS SANTOS informed Ms. Munroe that he had, in fact, met his goals and she responded that she was just there to "do [her] job."

34.     The stated reason for DOS SANTOS' termination is false and pretextual.

35.     Defendant took no meaningful action to stop the harassment or otherwise provide DOS SANTOS with protection and, instead, terminated his employment because he complained of sexual harassment and retaliation

36.     DOS SANTOS has retained the undersigned attorneys and has agreed to pay reasonable attorneys' fees and costs in connection with representation in this action.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF THE FCRA

37.     Plaintiff reasserts the general allegations as set forth above in paragraphs 10-36 and incorporates them herein.

38.     This claim is authorized and instituted pursuant to the provisions of the FCRA for relief based upon the unlawful employment practices of the Defendant.  Specifically, DOS SANTOS

complains of Defendant's violation of the FCRA's prohibition against discrimination in employment based upon an employee's sex.

39.    During his employment with the Defendant, DOS SANTOS was subject to unwelcome sexual harassment.

40.    The harassment was sufficiently severe or pervasive so as to alter the terms or conditions of his employment and it created an abusive working environment.

41.    Defendant was aware of the harassment, yet it did nothing to protect DOS SANTOS after he complained of the harassment.

42.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference of DOS SANTOS' rights.

43.    As Defendant engaged in discriminatory employment practices with malice and reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is entitled to punitive damages, in addition to compensatory damages, and other remedies available under the FCRA.

44.    As a result of Defendant's violations of the FCRA, DOS SANTOS has been damaged.

WHEREFORE, Plaintiff, PAULO HENRIQUE DOS SANTOS, prays that this Court will:

a.  Order Defendant, AIDS HEALTH FOUNDATION, INC., to remedy the sexual harassment of Plaintiff by:

    i.    Paying appropriate back pay;

    ii.   Paying prejudgment and post-judgment interest;

    iii.  Paying front pay in lieu of reinstatement;

    iv.   Paying for lost benefits including medical insurance, pension and retirement plan;

    v.    Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

   c.  Enter an order against Defendant for punitive damages;

   d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to the FCRA.

**COUNT II**
**RETALIATION IN VIOLATION OF THE FCRA**

45.    Plaintiff reasserts the general allegations as set forth above in paragraphs 10-36 and incorporates them herein by reference.

46.    During his employment with the Defendant, DOS SANTOS was subject to unwelcome sexual harassment.

47.    The harassment was sufficiently severe or pervasive as to alter the terms or conditions of his employment and it created an abusive working environment.

48.    Defendant reported the harassment and hostile work environment to Mr. Saint Fleur, who was committing the harassment, to the Human Resources Department, and to the President of AHF.

49.    Defendant did nothing to stop the harassment or to protect DOS SANTOS after he complained of the harassment.

50.    DOS SANTOS was subject to abusive behavior and false and misleading claims about his work from Mr. Saint Fleur after he complained and rebuffed his advances.

51.    The day after DOS SANTOS reported being sexually harassed to the President of AHF, his employment was terminated.

52.    The reason given for DOS SANTOS' termination is false and pretextual.

53.    DOS SANTOS was terminated for complaining about and reporting the sexual harassment and subsequent retaliatory abuse he was experiencing in the workplace.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

54.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, for which Plaintiff is entitled to an award of monetary damages and other relief.

55.     Defendant's unlawful conduct and retaliation in violation of the FCRA was outrageous and malicious, was intended to injure the Plaintiff, and was done in conscious disregard of Plaintiff's protections granted by the FCRA, entitled Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, PAULO HENRIQUE DOS SANTOS, prays this Court will:

a.  Order Defendant, AIDS HEALTH FOUNDATION, INC., to remedy the unlawful retaliation of Plaintiff by:

    i.      Paying appropriate back pay;

    ii.     Paying prejudgment and post-judgment interest;

    iii.    Paying front pay in lieu of reinstatement;

    iv.     Paying for lost benefits including medical insurance, pension and retirement plan;

    v.      Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and retaliation attorney's fees pursuant to the FCRA.

## COUNT III
### Violation of Title VII  (Sex Discrimination)

56.     This is an action for discrimination based on sex and in violation of Title VII.

57.     Plaintiff reasserts the general allegations as set forth above in paragraphs 10-36 and incorporates the same herein.

58.     This claim is authorized and instituted pursuant to the provisions of the Title VII for relief based upon the unlawful employment practices of the Defendant.  Specifically, DOS SANTOS

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

complains of Defendant's violation of Title VII's prohibition against discrimination in employment based upon an employee's sex.

59.     During his employment with the Defendant, DOS SANTOS was subject to unwelcome sexual harassment.

60.     The harassment was sufficiently severe or pervasive as to alter the terms or conditions of his employment and it created an abusive working environment.

61.     Defendant was aware of the harassment, yet it did nothing to protect DOS SANTOS after he complained of the harassment on multiple occasions.

62.     As a result of Defendant's violations of Title VII, DOS SANTOS has been damaged.

WHEREFORE, Plaintiff, PAULO HENRIQUE DOS SANTOS, prays this Court will:

    a.  Order Defendants to remedy the sex discrimination of Plaintiff by:

        i.   Paying appropriate back pay;

        ii.  Reinstatement or, alternatively, paying front pay in lieu of reinstatement;

        iii. Paying for lost benefits including medical insurance, pension and retirement plan;

        iv.  Paying prejudgment interest;

        v.   Providing any other relief that is appropriate.

    b.  Enter an order against Defendants for compensatory damages;

    c.  Enter an order against Defendants for punitive damages; and

    d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C.A. § 2000e-5(k).

### COUNT IV
### Violation of Title VII  (Retaliation)

63.     This is an action for retaliation in violation of Title VII.

64.     Plaintiff reasserts the general allegations as set forth above in paragraphs 10-36 and incorporates the same herein.

65.     During his employment with the Defendant, DOS SANTOS was subject to unwelcome sexual harassment.

66.     The harassment was sufficiently severe or pervasive as to alter the terms or conditions of his employment and it created an abusive working environment.

67.     Defendant reported the harassment and hostile work environment to Mr. Saint Fleur, who was committing the harassment, to the Human Resources Department, and to the President of AHF.

68.     Defendant did nothing to stop the harassment or to protect DOS SANTOS after he complained of the harassment.

69.     DOS SANTOS was subject to abusive behavior and false and misleading claims about his work from Mr. Saint Fleur after he complained and rebuffed his advances.

70.     The day after DOS SANTOS reported being sexually harassed to the President of AHF, his employment was terminated.

71.     The reason given for DOS SANTOS' termination is false and pretextual.

72.     DOS SANTOS was terminated for complaining about and reporting the sexual harassment and subsequent retaliatory abuse he was experiencing in the workplace.

73.     As a result of Defendant's violations of Title VII, DOS SANTOS has been damaged.

WHEREFORE, Plaintiff, PAULO HENRIQUE DOS SANTOS, prays this Court will:

    a.  Order Defendants to remedy retaliation of Plaintiff by:

        i.   Paying appropriate back pay;

        ii.  Reinstatement or, alternatively, paying front pay in lieu of reinstatement;

       iii.    Paying for lost benefits including medical insurance, pension and retirement plan;

       iv.    Paying prejudgment interest;

       v.    Providing any other relief that is appropriate.

   b.  Enter an order against Defendants for compensatory damages;

   c.  Enter an order against Defendants for punitive damages; and

   d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C.A. § 2000e-5(k).

## COUNT V
## VIOLATION OF FWPA

74.    This is an action for violation of the FWPA with damages in excess of $15,000.

75.    Plaintiff reasserts the general allegations as set forth above in paragraphs 10-36 and incorporates the same herein.

76.    Plaintiff is within the protected class of individuals as defined under §448.01, Florida Statutes.

77.    AHF is, and at all material times was an, "employer" as envisioned by §448.101, Florida Statutes.

78.    During his employment with AHF, Plaintiff became aware of, objected to, and raised concerns about certain policies and practices of the Defendant, specifically Defendant's action or lack of action in response to a claim for sexual harassment as detailed in paragraphs 10-36 above, which violated state and federal laws, rules and regulations, including the FCRA and Title VII.

79.    AHF's actions constituted prohibited employment practices pursuant to the FWPA.

80.    As a result of AHF's violations of the FWPA, Plaintiff has been damaged.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

81.     Plaintiff is entitled to the recovery of reasonable attorney's fees and costs pursuant to Section 448.104, Florida Statutes.

WHEREFORE, Plaintiff, PAULO HENRIQUE DOS SANTOS, prays this Court will::

a.  Order Defendant, AIDS HEALTH FOUNDATION, INC., to remedy the unlawful violations by:

i.   Paying actual damages suffered as a result of Defendant's violations of the FWPA;

ii.  Paying all front and back pay, medical expenses, insurance benefits, pension benefits and all such other legal and equitable relief recoverable under the FWPA;

iii. Paying compensatory damages recoverable under the FWPA;

iv.  Paying for all costs and attorney's fees incurred by Plaintiff in connection with the prosecution of this action; and

v.   Providing any other relief that this Court may deem just, necessary, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, PAULO HENRIQUE DOS SANTOS, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 31st day of July 2019.

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:  (954) 894-3035
Facsimile:  (954) 894-8015
E-mail:     dgallup@gallup-law.com

By: */s/ Dana M. Gallup*
    DANA M. GALLUP
    Florida Bar No.: 0949329

**EXHIBIT 1**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 510-2019-01271 |

| Florida Commission On Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Paulo H. Dos Santos** | **(954) 627-4173** | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **271 NE 38 ST # C208, Oakland Park, FL 33334** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **AIDS HEALTHCARE FOUNDATION** | **500 or More** | **(954) 561-6900** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **1164 EAST OAKLAND PARK BLVD., 3 RD FLOOR,  Oakland Park, FL 33334** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-01-2018**   Latest **12-07-2018**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a male hired on May 6, 2015, as a Disease Case Management. I believe that I was sexually harassed and retaliated against by Regional Operational Manager, Patrick Saint Fleur. On multiple occasions, Mr. Saint Fleur would call me into his office and hug/touch me inappropriately. In early October 2018, I complained to National Director, Karen Haughey about Mr. Saint Fleur's behavior. My complaint was investigated by HR, Mary Cadahia who chastised me for filing the complaint because she had who hired Mr. Saint Fleur. To my knowledge, no action was taken against Mr. Saint Fleur. Furthermore, on December 6, 2018, I emailed another complaint to President/Owner, Michael Weinstein about the sexual harassment and hostile work environment. On December 7, 2018, without notice and justification, I was terminated. This is the second case of sexual harassment I suffered during my employment. The first was against former Supervisor, Luis Viera.

No reason was given for these actions.

I believe that I was discriminated and retaliated against because of my sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Dec 20, 2018**                    *Paulo Dos Santos* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date                    Charging Party Signature | |

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Paulo H. Dos Santos<br>4000 Hollywood Blvd., Suite 265<br>Hollywood, FL 33021 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-01271 | BLONDEL VINCENT,<br>Investigator | (305) 808-1810 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Michael J. Farrell,
District Director

JUN 17 2019

*(Date Mailed)*

Enclosures(s)

cc: **Respondent Representative**
AIDS HEALTHCARE FOUNDATION

Tom Myers
General Counsel
6255 Sunset Blvd., 21st Fl.
Los Angeles, CA 90028

**Charging Party Representative**
GALLUP AUERBACH

Dana M. Gallup
4000 Hollywood Blvd., Suite 265 South
Hollywood, FL 33021

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

PAULO HENRIQUE DOS SANTOS,                    CASE NO.

       Plaintiff,

v.

AIDS HEALTHCARE FOUNDATION, INC.,

       Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State of Florida:

       **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the complaint or petition in this action on Defendant:

**AIDS HEALTHCARE FOUNDATION, INC.**
**c/o Corporation Service Company (Registered Agent)**
1201 Hays Street
Tallahassee, FL 32301

       Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to-wit:

                    Dana M. Gallup, Esq.
                    **Gallup Auerbach**
                    4000 Hollywood Boulevard,
                    Suite 265 South
                    Hollywood, Florida 33021
                    Tel: (954) 894-3035
                    E: dgallup@gallup-law.com

within 20 days after service of this summons on that defendant, exclusive of the day of service,

and to file the original of the defenses with the clerk of this court either before service on plaintiff's

attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against

that defendant for the relief demanded in the complaint or petition.

**DATED** on this _____ day of August 2019.

AUG 14 2019

_____

As Clerk of the Court

By: _____

As Deputy Clerk

BRENDA D. FORMAN

Dana M. Gallup, Esq.
Florida Bar No.:  0949329
**Gallup Auerbach**
4000 Hollywood Boulevard
Suite 265 South
Hollywood, Florida 33021
t: (954) 894-3035
e: dgallup@gallup-law.com

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el bribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme di-dessous.

## RETURN OF SERVICE

State of Florida          County of BROWARD        CIRCUIT Court

Case Number: CACE-19-016029 (08)

Plaintiff:
**PAULO HENRIQUE DOS SANTOS**

vs.

Defendant:
**AIDS HEALTHCARE FOUNDATION, INC.**

For:
DANA GALLUP, ESQ.
GALLUP AUERBACH
4000 HOLLYWOOD BLVD.
SUITE 265 SOUTH
HOLLYWOOD, FL 33021

Received by NOLAN PROCESS SERVERS, LLC on the 19th day of August, 2019 at 4:40 pm to be served on **AIDS HEALTHCARE FOUNDATION, INC. C/O CORPORATION SERVICE COMPANY (REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **20th day of August, 2019 at 8:25 am**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS; COMPLAINT WITH EXHIBITS** with the date and hour of service endorsed thereon by me, to: **GWEN BUTLER** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of AIDS HEALTHCARE FOUNDATION, INC. C/O CORPORATION SERVICE COMPANY (REGISTERED AGENT at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 65+, Sex: F, Race/Skin Color: WHITE, Height: 5'5", Weight: 200, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).


**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2019009742

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

PAULO HENRIQUE DOS SANTOS,                Case No.:        CACE 19-016029 (08)

      Plaintiff,

vs.

AIDS HEALTHCARE FOUNDATION, INC.,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

Defendant, AIDS HEALTHCARE FOUNDATION, INC., hereby gives notice of
appearance of Jonathan A. Beckerman, Esq. of the law firm of LEWIS BRISBOIS BISGAARD
& SMITH LLP, 110 SE 6th Street, Suite 12600, Fort Lauderdale, Florida  33301, as counsel in
this matter.  Please forward all pleadings, notices and correspondence to the undersigned.

      Email Address:      jonathan.beckerman@lewisbrisbois.com
                             flcourtmail@lewisbrisbois.com

Dated: September 10, 2019

                                    **Lewis Brisbois Bisgaard & Smith LLP**
                                    Counsel for AIDS Healthcare Foundation, Inc.
                                    110 SE 6th Street, Suite 2600
                                    Fort Lauderdale, Florida  33301
                                    Telephone: 954-728-1280
                                    Facsimile: 954-728-1282

                                    BY: */s/ Jonathan A. Beckerman*
                                        JONATHAN A. BECKERMAN, ESQ.
                                      Florida Bar No.: 568252

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-service on

this 10th of September all counsel through the Florida Courts E-filing Portal.

> **Lewis Brisbois Bisgaard & Smith LLP**
> Counsel for AIDS Healthcare Foundation,
> Inc.
> 110 SE 6th Street, Suite 2600
> Fort Lauderdale, Florida 33301
> Telephone: 954-728-1280
> Facsimile: 954-728-1282

BY: /s/ Jonathan A. Beckerman
    JONATHAN A. BECKERMAN, ESQ.
    Florida Bar No.: 568252

## SERVICE LIST

Dana M. Gallup, Esq.,
Gallup Auerbach
4000 Hollywood Boulevard, Suite 265 South,
Hollywood, Florida  33021
Tel: 954-894-3035
E-Mail: dgallup@gallup-law.com

4810-9333-1108.1

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

PAULO HENRIQUE DOS SANTOS,          Case No.:      CACE 19-016029 (08)

       Plaintiff,

vs.

AIDS HEALTHCARE FOUNDATION, INC.,

       Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

The Defendant, named herein as AIDS HEALTHCARE FOUNDATION, INC., hereby moves this Court for an extension of time, up to and including September 30, 2019, within which to file its response to the Complaint filed by the Plaintiff, PAULO HENRIQUE DOS SANTOS, and states as follows:

1.      On or about August 20, 2019, Defendant was served with a Complaint filed by the Plaintiff on or about July 31, 2019.

2.      A responsive pleading is due on or before September 10, 2019.

3.      Undersigned counsel needs additional time to review and analyze the file and prepare a response to Plaintiff's Complaint.

4.      On September 6, 2019, counsel for the Defendant contacted counsel for the Plaintiff regarding their position on an extension of time. Plaintiff's counsel does not oppose the relief sought in this Motion.

4834-2503-6452.1

5.      Accordingly, Defendant respectfully requests an extension of time, up to and including September 30, 2019, within which to file its response to Plaintiff's Complaint.

6.      Defendant does not seek the requested extension for purposes of unnecessary delay in this case and no prejudice will result from the granting of the requested extension.

**WHEREFORE**, the Defendant, AIDS HEALTHCARE FOUNDANTION, INC., respectfully requests that this Court grant an extension of time, up to and including September 30, 2019, within which to file its response to the Complaint filed by the Plaintiff, PAULO HENRIQUE DOS SANTOS, along with such other relief as this Court deems just and proper.

> **Lewis Brisbois Bisgaard & Smith LLP**
> Counsel for AIDS Healthcare Foundation, Inc.
> 110 SE 6th Street, Suite 2600
> Fort Lauderdale, Florida  33301
> Telephone: 954-728-1280
> Facsimile: 954-728-1282
> BY:  /s/ *Jonathan A. Beckerman*
>        JONATHAN A. BECKERMAN, ESQ.
>        Florida Bar No.: 568252

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-service on this 10th of September all counsel through the Florida Courts E-filing Portal.

> **Lewis Brisbois Bisgaard & Smith LLP**
> Counsel for AIDS Healthcare Foundation, Inc.
> 110 SE 6th Street, Suite 2600
> Fort Lauderdale, Florida 33301
> Telephone: 954-728-1280
> Facsimile: 954-728-1282
>
> BY: /s/ Jonathan A. Beckerman
>        JONATHAN A. BECKERMAN, ESQ.
>        Florida Bar No.: 568252

4834-2503-6452.1

## SERVICE LIST

Dana M. Gallup, Esq.,
Gallup Auerbach
4000 Hollywood Boulevard, Suite 265 South,
Hollywood, Florida 33021
Tel: 954-894-3035
E-Mail: dgallup@gallup-law.com