UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 19-62336-CIV-DIMITROULEAS/SNOW

PAULO HENRIQUE DOS SANTOS,

    Plaintiff,

vs.

AIDS HEALTHCARE FOUNDATION, INC.,

    Defendant.

_____/

**DEFENDANT'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES**

    Defendant, AIDS HEALTHCARE FOUNDATION, INC. ("AHF" or "Defendant"), pursuant to Federal Rule of Civil Procedure 37(a)(B), Local Rule 26.1(g), and the Court's General Order on Discovery Objections and Procedures [ECF No. 10], hereby moves the Court to compel Plaintiff to provide better responses to Defendant's discovery requests, and states:

**I. PROCEDURAL HISTORY & PLAINTIFF'S OBJECTIONS**

    1.    Plaintiff's underlying Complaint asserts five claims against Defendant for alleged: sexual harassment in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA") (Count I); retaliation in violation of the FCRA (Count II); sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 29 U.S.C. §§ 2000e *et seq.* ("Title VII") (Count III); retaliation in violation of Title VII (Count IV); and retaliation in violation of the Florida Private Whistleblower Act, Fla. Stat. § 448.102(3) (Count V). *See* ECF No. 1 ("Complaint"). Plaintiff's Complaint alleges damages in the form of, *inter alia*, back pay, front pay, and compensatory damages, including severe mental anguish and emotional distress. Compl. ¶¶ 44, 54.

    2.    Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production, to which Plaintiff responded on December 9, 2019. *See* Exhibit A (Plaintiff's Interrogatory Answers and Objections) and Exhibit B (Plaintiff's Production Responses and Objections). Through Interrogatory No. 16, Defendant requested that Plaintiff disclose the name and contact information of current and former employers going back five years. Through

Production Request Nos. 31, 33-34, and 55, Defendant requested documents reflecting his employment history, and requested that Plaintiff sign releases allowing Defendant to independently request and verify records relating to his employment history, unemployment records, and tax records. Plaintiff objected to providing the information and materials.

3. On January 9, 2020, Defendant's counsel conferred with Plaintiff's counsel regarding these objections, *see* Exhibit C, and agreed to limit the scope of the requests. On March 10, 2020, however, Plaintiff served Amended Interrogatory and Production Objections and Responses in which Plaintiffs maintained their prior objections to disclosing Plaintiff's current employer and to executing the release forms. *See* Exhibit D (Plaintiff's Amended Interrogatory Answers and Objections) and Exhibit E (Plaintiff's Amended Production Responses and Objections).

4. Prior to bringing the instant motion, the Parties conferred once again by email and phone on May 6, 2020; Plaintiff maintained their prior objections, thus necessitating this motion.

## II.  MEMORANDUM OF LAW

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Adelman v. BSA*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). The purpose of discovery is to "require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Weiss v. Std. Ins. Co.*, No. 08-80712-Civ-Ryskamp/Vitunac, 2009 U.S. Dist. LEXIS 53951, *4 (S.D. Fla. June 25, 2009). The party resisting discovery has "the burden to demonstrate specifically how the request is unreasonable or not relevant." *Id*. at 689. Should a party fail to serve adequate and complete answers to interrogatories submitted under Rule 33, or to requests for production served under Rule 34, a court may, upon motion to compel, make such orders in regard to the failure as it deems just. *See* Fed. R. Civ. P. 37(d).

### A.  Defendants Are Entitled to Disclosure of Plaintiff's Employment History

Plaintiff's objection to providing current employment records, including the name of his current employer, must be overruled. The requested information is probative of the issue of mitigation and is routinely discoverable in employment matters such as this. *See Brady v. Lauderhill Auto Inv'rs I, LLC*, No. 10-60095-CIV, 2010 WL 4135329, at *2 (S.D. Fla. Oct. 19, 2010) (granting motion to compel and explaining that "employment records from jobs held **both**

*prior to and after* Plaintiff's employment at [Defendant]" were relevant to mitigation and discoverable); *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 4040507 (S.D. Fla. Jun. 30, 2015) (denying motion to quash subpoenas seeking employment records of "eleven prior and current employers," of plaintiff asserting FLSA and retaliation claims).  The information is also relevant and discoverable because Plaintiff seeks front pay damages.  "The front pay inquiry is broad and requires a court to assess availability of other employment opportunities, potential salary at another employer, work and life expectancy, projected length of unemployment, and prospects of obtaining other employment." *Hood v. Burke County Sch. Dist.*, No. CV 115-159, 2016 WL 427102, at *3 (S.D. Ga. Feb. 3, 2016). Thus, "in order to accurately gauge a person's prospects for future employment, one must know a great deal about that person's job history." *Id.*

Accordingly, the Court should compel Plaintiff to disclose his entire employment history, including his current employer and its contact information.

### B.     Defendants Are Entitled to Independent Discovery Plaintiff's Tax Records

Plaintiff's objection to executing an IRS release form and providing all requested tax records must be overruled.  Tax returns are relevant and are probative of the issue of mitigation and damages because they are directly related to Plaintiff's earnings history, alleged damages and mitigation. Moreover, tax records reflect such information as whether a plaintiff: contemporaneously worked multiple jobs (*e.g.,* moonlighting as an additional income stream during employment with Defendant or another employer); worked for brief stints at a series of employers; became independently wealthy, such that full time work was no longer necessary (*e.g.,* winning the lottery, receiving a large inheritance); and evidence of other financial losses or hardships, other than that allegedly caused by Defendant, which might have affected the plaintiff's financial and emotional well being (*e.g.,* as documented by itemized deductions related to failed business ventures, medical expenses, etc.).

To the extent that Plaintiff asserts a confidentiality or privacy concern, those concerns lack merit.  This Court entered a stipulated Confidentiality Order that is expressly designed to protect  the requested information and alleviate Plaintiff's concerns.  Moreover, even in cases offering no protection from a confidentiality agreement, courts routinely compel the production of tax records of plaintiffs in employment discrimination cases. In fact, numerous courts in Florida have held that in the employment discrimination/retaliation context, plaintiff's tax records are both relevant and discoverable. *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d

846, 853 (11th Cir. 1997) (affirming order requiring production of plaintiff's tax records and rejecting plaintiff's contention that a compelling need has to be shown prior to ordering disclosure); *Howard v. Oregon Television, Inc.*, 2007 WL 1364335 (M.D. Fla. 2007) (order granting defendant's motion to compel plaintiff's production of her tax returns in employment discrimination case).

Accordingly, the Court should compel Plaintiff to execute the IRS release form and produce all requested tax return information.

### C. Defendants Are Entitled to Independent Discovery Plaintiff's Unemployment Records

Plaintiff's objection to providing a DEO release, records related thereto, and to providing his current employer must be overruled. First, Defendant is entitled to request employment records relating to his current employer, as such information is probative of the issues of mitigation and damages. Given that Plaintiff seeks front-pay damages, Defendant must be permitted to independently verify through his current employer his current salary and employment history. In addition, his current employer's records may disclose what reason Plaintiff gave for departing his job with Defendant or whether Plaintiff engaged in the same wrongdoing with his current employer that he did with Defendant, which ultimately led to his termination.

The DEO release form is required by the DEO in order to produce Plaintiff's unemployment compensation records. The DEO records are probative of Plaintiff's efforts to mitigate his damages. DEO provides benefits to applicants who are deemed eligible and maintains records of such payments made to each applicant. Applicants are required to disclose to DEO their efforts of obtaining work, including the places where the applicant has applied for work, as well as any income received as a result of obtaining work. These records will no doubt reflect Plaintiff's purported efforts to seek employment. Moreover, if the DEO made a determination or findings that Plaintiff was not entitled to unemployment compensation because he was already employed by, and earning comparable or greater compensation from another employer, such determination or findings would be highly probative on the issue of mitigation.

Accordingly, the Court should compel Plaintiff to execute the DEO release form and produce all documents relating to his prior and current employers.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) compelling Plaintiff to execute the respective DEO and IRS releases; (2) compelling Plaintiff to disclose the name and contact information pertaining to his current employer; and (3) compelling Plaintiff to execute the medical release form so that Defendant may independently subpoena Plaintiff's mental health records.

**Dated**: June 9, 2020

Respectfully Submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

*/s/ Christopher T. Perré*
Jonathan A. Beckerman (FBN: 568252)
Jonathan.Beckerman@lewisbrisbois.com
Miguel A. Morel (FBN: 89163)
Miguel.Morel@lewisbrisbois.com
Christopher T. Perré (FBN: 123902)
Christopher.Perre@lewisbrisbois.com

Counsel for Defendant