UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-cv-62336-DIMITROULEAS/SNOW

PAULO HENRIQUE DOS SANTOS,

    Plaintiff,
vs.

AIDS HEALTHCARE FOUNDATION, INC.,
a Florida corporation

    Defendant.                                      /

**PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY**

Plaintiff, PAULO HENRIQUE DOS SANTOS, by and through his undersigned counsel, moves to compel better responses to discovery from Defendant, AIDS HEALTHCARE FOUNDATION, INC. ("AHF"), and, in support thereof, states as follows:

**I.    INTRODUCTION**

On July 31, 2019, Plaintiff commenced the subject lawsuit. On October 29, 2019, Plaintiff served the Defendant with his First Set of Interrogatories and First Request for Production. *See* **Exhibits "A"** and **"B."** In January of 2020, the Defendant served its discovery responses. *See* **Exhibits "C"** and **"D."** Upon review of Defendant's discovery responses, it was readily apparent that they were deficient, and following a comprehensive conferral, Plaintiff provided detailed correspondence to Defendant's counsel dated February 28, 2020. *See* **Exhibit "E."** Throughout March and April 2020, counsel repeatedly assured Plaintiff amended responses would be forthcoming. Due to the COVID-19 pandemic and Defendant's status as a healthcare provider, Plaintiff afforded Defendant great leeway. On May 4, 2020, Defendant proposed a new ESI search and, on May 6, 2020, counsel again conferred on the remaining discovery issues. *See* **Exhbit "F."** In cross emails, counsel summarized the conversation. *See* **Exhibit "G."** After additional follow up emails were exchanged, Defendant's counsel indicated that AHF would not agree to conduct an ESI

search per the parameters outlined in Plaintiff's Request for Production or per the revised guidelines outlined in Plaintiff's February 28, 2020 conferral letter. Nor did Defendant remedy any of the other deficiencies outlined in Plaintiff's Feburary 28, 2020 conferral letter. Accordingly, the Plaintiff was left with no alternative but to move to compel better discovery responses.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26 provides that, unless a court orders otherwise, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ...". Fed.R.Civ. P. 26(b) (1). Because of the very nature of employment discrimination cases, courts have recognized liberal discovery rules should apply. C. Richey, *Manual on Employment Discrimination, Law and Civil Rights Actions in the Federal Courts*, A-26 (Federal Judicial Center rev. ed. 1986) (Emphasis added); *see also Gomez v. Martin-Marietta Corp.,* 50 F. 3d 1511, 1520 (10th Cir. 1995)("discovery in discrimination cases should not be narrowly circumscribed").

**A. Defendant's Response to RFP Nos. 2, 5, 6, 7, 8, 10, 21 and 22 are Deficient[1]**

Plaintiff's Request for Production Nos. 21 and 22 provide specific keywords for an ESI search. During the parties' initial conferral call on February 13, 2020, Defendant indicated that its search capabilities are limited and that the keywords provided were too numerous to conduct a search. In good faith, Plaintiff significantly reduced the number of search terms requested and narrowed the list of custodians' mailboxes to be searched. Defendant still refused to conduct the search as requested. Instead, Defendant proposed using only the terms "Pablo" and "Dos Santos." Such a search would produce so many records it would be meaningless. Indeed, every email the Plaintiff ever sent or

---

[1] As an initial matter, Defendant has refused to conduct an electronic search for responsive documents, which means that, for each of Plaintiff's requests that asks for documents and communications (emails, text messages, etc.), Defendant's response is incomplete and insufficient. These requests include Nos. 2, 5, 6, 7, 8, and 10.

2

received while he worked for Defendant would "hit" with those search terms.[2]

Ultimately, the search terms Plaintiff proposed are reasonable and proportional to the needs of the case, and courts have recognized that a keyword search is a simple and common ESI retrieval tool.[3] Accordingly, Defendants should be compelled to complete a search for responsive ESI pursuant to the search terms Plaintiff has outlined.

### B. Defendant's Responses to Plaintiff's Request for Production Nos. 11-12 are Deficient

These requests seek comparator information, which is relevant and not overly burdensome for Defendant to provide. The requested information is discoverable as it directly relates to the issue of whether the reasons for Plaintiff's termination were pretextual, among other issues central to this lawsuit. As stated in *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42 (W.D.N.Y 1986), "[c]omparative information is necessary to afford plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of defendant's conduct," citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Indeed, courts have repeatedly found that information of nonparty employees to be discoverable in employment litigation where the reason for the adverse employment action is at issue. *See e.g., Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th

---

[2] Defendant proposed remedying the self-created overbreadth of the ESI search by having its counsel serve as the gatekeeper and arbiter of relevance. Under this proposal, Defendant's counsel would review the search results and produce what they deem relevant. Plaintiff objects to this proposal. Not only is it inefficient and time consuming, it would allow Defendant complete control over the documents produced and little ability for Plaintiff to check Defendant's production – a dynamic courts have recognized is flawed. *See Ladson v. Ulltra East Parking Corp.*, 164 F.R.D. 376, 377 (S.D.N.Y. 1996) (compelling production of full personnel records and rejecting defendant's proposal to provide what it deemed was relevant, stating that the court was "not prepared to allow defendants to determine what information is necessary for the plaintiffs to receive.").

[3] *See The Sedona Conference Best Practices Commentary on the Use of Search & Information Retreival Methods in E–Discovery,* 15 Sedona Conf. J. 217, 231 (2014). "'[B]asic keyword searching techniques have been widely accepted by both courts and parties as sufficient to define the scope of their obligation to perform a search for responsive documents....'" *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 261 (D.Md. 2008) (citations omitted).

Cir. 1991) (finding personnel files to be discoverable in retaliatory discharge action as they were likely to lead to admissible evidence on the issue of pretext); *Barfoot v. Boeing Co.*, 184 F.R.D. 642, 644 (N.D. Ala. 1999) (holding that the plaintiff was entitled to obtain personnel files of similarly situated employee).

### C. Defendant's Responses to Plaintiff's Request for Production Nos. 13, 16, 17, 18, 20 are Deficient

These requests concern past complaints lodged against Defendant for sexual harassment or retaliatory discharge. Such discovery is commonly discoverable as it has the potential to reveal the existence of patterns of discrimination or retaliation and "while such evidence would not be conclusive in the plaintiff's individual case, it would certainly be probative on the issue of whether the decision regarding the plaintiff were impermissibly tainted." *Barfoot,* 184 F.R.D. at 643-44 (allowing discovery of EEOC charges, lawsuits, internal complaints filed by other employees of defendant) (citations omitted); *see also Hill v. Motel 6,* 205 F.R.D. 490, 496-97 (S.D. Ohio 2001) (granting motion to compel discovery in ADEA case of charges or complaints of discrimination filed by other employees in the geographic region plaintiff's boss oversaw); *Phillip v. ANR Freight Sys., Inc.,* 945 F.2d 1054, 1056 (8th Cir. 1991) (stating evidence of other age discrimination lawsuits filed against defendant was potentially "critical" to jury's assessment of whether employer unlawfully discriminated). Here, the reason for Plaintiff's termination is at issue and Plaintiff is entitled to discovery to determine whether such discrimination and retaliation is a pattern or practice of Defendant's.

### D. Defendant's Responses to Plaintiff's Request for Production Nos. 25-30 are Deficient

These requests seek information related to cases against Defendant in federal courts across the country and are relevant to showing a pattern or practice of discrimination and retaliation. Plaintiff is not requesting information from all lawsuits against Defendant. Instead, these requests are narrowly tailored to cases that are related in subject matter. Each of the target cases identified

4

includes employment law claims. *See, e.g.*, *Peterson v. Wright Med. Tech., Inc.*, No. 11-1330, 2013 WL 655527, at *5-6 (C.D. Ill. Feb. 21, 2013); *Waters v. Earthlink, Inc*., No. 01-11887, 2004 WL 6000237, at *3 (D. Mass. Dec. 1, 2004) (allowing for discovery of deposition transcripts from the a related cause that involved similar claims and facts to the case at bar, noting that the bar for relevance is low)).

### E.  Defendant's Responses to Plaintiff's Request for Production No. 31 is Deficient

Plaintiff's Request for Production No. 31 requests all documents pertaining to Defendant's billable unit goals as provided to Plaintiff or as generally disseminated at any time during Plaintiff's employment with Defendant. Defendant's stated reason for Plaintiff's termination is that Plaintiff failed to meet billable unit goals that increased in the year of his termination. Furthermore, Defendant has suggested that performance goals for all employees increased in the year prior to Plaintiff's termination. Plaintiff simply seeks information related to those revised performance goals, including the communications that were sent to all employees informing themof the new billable unit goals. The information requested is directly relevant to the the issue of pretext. If Defendant rolled out new billable unit goals for all employees as stated, it should not be burdensome to reproduce those unit goals as part of this discovery process.

## CONCLUSION

Based on the foregoing, Plaintiff, PAULO HENRIQUE DOS SANTOS, requests that this Court order Defendant, AIDS HEALTHCARE FOUNDATION, INC., to provide better responses to Plaintiff's discovery requests, including specifically producing documents responsive to Requests for Production discussed herein, award Plaintiff a reasonable attorney's fee for having to bring this motion before the Court, and grant such other and further relief as may be just, necessary and proper.

Respectfully submitted:

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t: 954.894.3035; f: 954.894.8015

By: /s/ Dana M. Gallup
    DANA M. GALLUP
    Florida Bar No.: 0949329
    dgallup@gallup-law.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By:   /s/ Dana M. Gallup_____
            DANA M. GALLUP
            Florida Bar No.: 949329

## SERVICE LIST

*Dos Santos v. AIDS Healthcare Foundation, Inc.*
**CASE NO.: 1:19-cv-62336-DIMITROULEAS/ SNOW**

| | |
|---|---|
| Dana M. Gallup, Esq.<br>FBN: 949329<br>**Gallup Auerbach**<br>4000 Hollywood Boulevard<br>Suite 265 South<br>Hollywood, Florida 33021<br>E-Mail: dgallup@gallup-law.com<br><br>T:    954.894.3035<br>F:    954.894.8015<br><br>*Attorney for Plaintiff*<br><br>Via CM/ECF | Christopher T. Perré<br>FBN: 568252<br><br>Miguel Morel, Esq.<br>FBN: 89163<br><br>Jonathan A. Beckerman, Esq.<br>FBN: 0568252<br><br>**Lewis Brisbois Bisgaard & Smith LLP**<br>110 SE 6th Street<br>Suite 2600<br>Ft. Lauderdale, FL 33301<br>E: jonathan.beckerman@lewisbrisbois.com<br><br>T: 954-728-1280<br>F: 954-728-1282<br><br>*Attorneys for Defendant*<br><br>Via CM/ECF |